# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 16-0015** (Marion County 14-F-47 & 15-F-63)

**Ayers Alexander,**
**Defendant Below, Petitioner**

**FILED**

**November 14, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Ayers Alexander, by counsel Roger D. Curry, appeals the Circuit Court of Marion County's November 6, 2015, order sentencing him to a term of incarceration of two to five years for one count of delivery of a controlled substance.[1] The State of West Virginia, by counsel Gordon L. Mowen II, filed a response in support of the circuit court's order. On appeal, petitioner argues that the State presented insufficient evidence to support his conviction.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2014, a Marion County grand jury indicted petitioner on one count of delivery of a controlled substance, in violation of West Virginia Code § 60A-4-401. Petitioner proceeded to trial on April 8, 2015. At trial, the State presented evidence that on February 21, 2014, law enforcement officers used a confidential informant ("CI") to purchase a half ounce of marijuana from petitioner. According to a Marion County sheriff's deputy, they provided the CI with four, twenty dollar bills, equipped him with an audio/video recorder, and transported him to petitioner's residence and observed him enter the residence. After the CI exited petitioner's house, he returned to the deputy's vehicle wherein he was no longer in possession of the twenty dollar bills, but now possessed approximately a half ounce of marijuana. According to the CI's testimony, he arranged to purchase a half ounce of marijuana in exchange for $80.00. The CI explained that a Marion County sheriff deputy transported him to petitioner's house, equipped him with a recording device, and four, twenty dollar bills. The CI testified that petitioner instructed him to enter the residence from the basement door. He further testified that he

---

[1]Petitioner's counsel filed this appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967).

exchanged the money for a half ounce of marijuana. Upon returning to the deputy's vehicle, the CI produced approximately a half ounce of marijuana. Petitioner did not present any evidence.

Following its deliberations, the jury found petitioner guilty of one count of delivery of a controlled substance.[2] At sentencing, the circuit court sentenced petitioner to a term of incarceration of two to five years. However, his sentence was suspended in lieu of two years of probation. This appeal followed.

On appeal, petitioner argues that the evidence presented by the State at trial was insufficient to prove his guilt beyond a reasonable doubt. With regard to claims of sufficiency of the evidence in a criminal proceeding, we have explained that

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syllabus Point 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 1, *State v. Malfregeot*, 224 W.Va. 264, 685 S.E.2d 237 (2009). To convict petitioner of delivery of a controlled substance, the State had to prove that petitioner intentionally delivered a Schedule I or II controlled substance to another. W. Va. Code § 60A-4-401(a)(i).

Following a thorough review of the record on appeal and the parties' arguments, we find no merit to petitioner's argument. The jury heard testimony from the CI that he arranged to purchase a half ounce of marijuana from petitioner in exchange for eighty dollars. The CI specifically testified that he was given eighty dollars by the Marion County Sheriff's Department as buy money. Thereafter, the CI explained that petitioner instructed him to enter his residence through the basement door. Once inside, the CI testified that he gave petitioner four, twenty dollar bills in exchange for a half ounce of marijuana. The sheriff deputy's testimony corroborated the CI's testimony insofar as the deputy provided the CI with four, twenty dollar bills, equipped him with an audio/video recorder, transported him to petitioner's residence and observed him enter the residence, and located approximately a half ounce of marijuana on the CI upon returning to his vehicle. Given the circumstances of this case, the jury heard sufficient evidence to find that petitioner delivered a controlled substance to the CI. Therefore, we reject petitioner's assignment of error.

---

[2]Thereafter, a separate jury found that petitioner was a recidivist having been previously found guilty of a felony.

For the foregoing reasons, the circuit court's November 6, 2015, order, is hereby affirmed.

Affirmed.

**ISSUED:** November 14, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

3